FILED

2022 Apr-08  AM 08:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **KNIGHTS FRANCHSE SYSTEMS, INC.** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:11-mc-03892-ACA** |
| | ] | |
| **GAURI SHIVAM, LLC, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Poser Investments, Inc. ("Poser") has moved to revive the judgment entered by the United States District Court for the District of New Jersey on July 18, 2011, and registered in this court on November 10, 2011, with respect to Defendants Gauri Shivam, LLC, Shant Vashista, and Yuvi Chauhan.  (Doc. 4).  The court **GRANTS IN PART** and **DENIES IN PART** the motion.

On July 18, 2011, a New Jersey district court entered judgment in favor of Knights Franchise Systems, Inc., and against Gauri Shivam, Pradeep Vashisth, Lakhwinder Sing, Surinder Channa, and Mr. Vashista, in the amount of $50,012.07, and against Gauri Shivam in the amount of $85,366.71.  (Doc. 1 at 2–4).  Knights Franchise Systems registered the judgment in this court on November 10, 2011.  (*Id.* at 1).

On February 22, 2022, Poser moved to substitute itself as the real party in interest, and the court granted that motion.  (Docs. 3, 7).  Poser then moved to revive the judgment as to Gauri Shivam, Mr. Vashista, and Mr. Chauvan.[1]  (Doc. 4).  Poser attached an affidavit from its chief financial officer, attesting that as of January 21, 2022, the defendants had not paid any of the judgment.  (*Id.* at 6–7 ¶ 4).

Alabama law controls the procedure "in proceedings supplementary to and in aid of judgment or execution" of a judgment registered in Alabama.  Fed. R. Civ. P. 69(a)(1); *United States v. Fiorella*, 869 F.2d 1425, 1426 (11th Cir. 1989).  In Alabama, "[a] judgment cannot be revived after the lapse of 20 years from its entry." Ala. Code § 6-9-190.  "If 10 years have elapsed from the entry of the judgment without issue of execution . . . , the judgment must be presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff." *Id.* § 6-9-191.  "No execution shall issue on a judgment of the district or circuit court on which an execution has not been sued out within 10 years of its entry until the same has been revived by appropriate motion or action under the Alabama Rules of Civil Procedure." *Id.* § 6-9-192.

The judgment in this case was entered on July 18, 2011.  (Doc. 1 at 2–4).  Poser did not move to revive the judgment until February 22, 2022, more than ten

---

[1] The other defendants named in the judgment have received bankruptcy discharges, and Poser does not seek the revive the judgment against them.  (*See* doc. 4 at 7 ¶ 5).

years after the entry of the judgment.  (Doc. 4).  Accordingly, the court must presume that the judgment has been satisfied.  Ala. Code § 6-9-191.

However, Poser's CFO executed an affidavit attesting that the judgment has not been satisfied.  (Doc. 4 at 6–7).  This suffices under Alabama law to rebut the presumption of satisfaction.  *See Gloor v. BancorpSouth Bank*, 216 So. 3d 444, 447 (Ala. Civ. App. 2016) (holding that "evidence from the corporate president of a judgment creditor that he was familiar with the books and records of the corporation and knew that the judgment had not been paid in full . . . was sufficient proof of nonpayment to overcome the presumption" that the judgment was satisfied).  And because twenty years have not passed since entry of the judgment, the court can revive it.  *Cf.* Ala. Code § 6-9-190.

However, the court cannot grant all the relief Poser seeks.  First of all, although Poser seeks to revive the judgment against Yuvi Chauvin (doc. 4 at 1), Mr. Chauvin is not named in the judgment (doc. 1 at 2–4).  Indeed, a review of the New Jersey district court docket reveals that Knights Franchise Systems voluntarily dismissed Mr. Chauvin before entry of the judgment.  *Knights Franchise Sys., Inc. v. Gauri Shivam, LLC*, no. 2:10-cv-5895-WJM-MF, Doc. 14 (D.N.J. May 13, 2011).  Accordingly, the court **DENIES** Poser's motion to the extent it seeks to revive the judgment against Mr. Chauvin.

Second, Poser seeks revival of the judgment "up to and through November 10, 2031," which is twenty years from the registration of the judgment in this court. (Doc. 4 at 3).  But the Alabama statute permits revival of a judgment until "20 years from its entry."  Ala. Code § 6-9-190.  "Entry" means issuance of the judgment, not registration of the judgment.  *See, e.g.*, *McLendon v. Hepburn*, 876 So. 2d 479, 480, 486 (Ala. Civ. App. 2003) (stating that a plaintiff had until April 22, 2001 to obtain writs of garnishment to execute an April 22, 1981 judgment).  The revival of the judgment can last only until July 18, 2031.

In short, the court **DENIES** Poser's request to revive the judgment against Mr. Chauvin and until November 10, 2031, but **GRANTS** the request to revive the judgment against Gauri Shivam, LLC, and Shant Vashista, until July 18, 2031.

**DONE** and **ORDERED** this April 8, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE